RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  1 / 23 / 13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HARRY J. MCKINNEY, SR. | DOCKET NO. 12-CV-937; SEC. P |
| VERSUS | JUDGE DRELL |
| GRANT SHERIFF DEPT., ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff, Harry J. McKinney, Sr., proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections ("LDOC"), and he is incarcerated at the Madison Parish Correctional Center in Tallulah, La. He alleges that his constitutional rights were violated while incarcerated at the Grant Parish Detention Center, where he was subjected to unconstitutional conditions of confinement. He seeks compensatory and punitive damages of $13.9 million dollars as well as the arrest and prosecution of every defendant: Warden Brad Sudduth, Deputy Brandy Underwood, Deputy Todd Matthew, Captain Hannegan, Lt. Jones, and Deputy McCully.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Plaintiff's Allegations*

Plaintiff alleges that on February 21, 2012, he was called out for sick call and seen by a nurse. [Doc. #23] Forty-five minutes after returning from sick call, Plaintiff was called out over the

intercom and placed in lock-down. Plaintiff was accused of going to sick call without being called out. He was written up and received a disciplinary conviction of general prohibited behavior. He was sentenced to forty-five days of segregation.

Plaintiff complains that the cell in which he was initially placed, Cell 4, had no bed. Plaintiff, a black male, claims that all of the other inmates on lockdown were white and had beds. According to his amended complaint, Plaintiff slept on a mattress on the floor. [Doc. #23, p.2] He alleges that another inmate in cell 4 was Shawn Dunn, and that Dunn - a white inmate - was placed in cell 4 with him to prove that not only black people were housed in cell 4. However Plaintiff claims that Dunn is not *really* white; that his father was black, so Dunn is - by law - black.

He claims that he did not get to bathe for "3 to 4 days" and that he was served a food loaf for meals. [Doc. #23]

At some point prior to March 1, 2012, Plaintiff was moved to "cell 3". On March 1, 2012, Plaintiff's mother brought a grievance to Warden Brad Sudduth. All of the deputies went to cell 3 and told Plaintiff that he was moving back into cell 4. He claims that he only had a jumpsuit, t-shirt, and underwear, and he was "unbearably cold" because it was approximately 65 degrees in the cell. [Doc. #23]

Plaintiff also claims that the nurse denied him medical care. However, he states that the nurse did treat him for three "spider

2

bites" on his head. Plaintiff claims that spiders were laying eggs in inmates' bodies.

He claims that the warden was punishing him because Plaintiff married a white woman in the 1980s that the warden was "trying to get with." [Doc. #23, p.3]

Plaintiff claims that his time in lockdown will cause him problems for the rest of his life with arthritis and inflammation in his joints.

### Law and Analysis

Plaintiff challenges the conditions of his confinement in disciplinary segregation. To the extent that he claims that the segregation violated his due process rights, his claim is frivolous. Absent extraordinary circumstances, administrative segregation, being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional claim because it does not constitute a deprivation of a constitutionally cognizable liberty interest. See Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996).

To establish an Eighth Amendment violation based on the conditions of his confinement, a prisoner must satisfy both an objective and a subjective component. See Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995). "First, he must show that his confinement resulted in a deprivation that was 'objectively, sufficiently serious.'" Hernandez v. Velasquez, 522 F.3d 556, 560

(5th Cir. 2008) (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994)). To make such a showing, the prisoner must demonstrate that the deprivation violated contemporary standards of decency and resulted in the denial of "the minimal civilized measure of life's necessities." <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)(internal quotation marks and citation omitted)  Second, regarding the subjective component, the prisoner must show that prison officials possessed a sufficiently culpable state of mind in that they were deliberately indifferent to the alleged conditions. <u>Wilson</u>, 501 U.S. at 297-303; <u>Woods</u>, 51 F.3d at 581. To establish deliberate indifference, the prisoner must show that the official knew of and disregarded an excessive risk to inmate health or safety. <u>Farmer</u>, 511 U.S. at 837.

Plaintiff's complaint that he had no bath for three days does not give rise to a constitutional violation. See <u>Hamilton v. Lyons</u>, 74 F.3d 99 (5th Cir. 1996)(pre-trial detainee's denial of visitation, telephone access, recreation, mail, legal materials, sheets, and shower for a three-day period did not give rise to a constitutional claim); <u>Carter v. Strain</u>, No. 09-15, 2009 WL 3231826, at *2 (E.D.La. Oct. 1, 2009)(prisoner's complaint that he was allowed only one shower during eight-day period was merely a brief deprivation which would not violate the Constitution); <u>Holloway v. Gunnell</u>, 685 F.2d 150, 156 n. 6 (5th Cir. 1982)("A number of courts have held that one or two showers a week is

4

sufficient to satisfy constitutional requirements."); <u>McAllister v. Strain</u>, No. 08-5174, 2009 WL 500560, at *3 (E.D.La. Feb. 25, 2009)(denial of shower for seven-day period did not amount to a constitutional violation)).

Plaintiff's complaint that he had to sleep on a mattress on the floor also fails to state a claim. <u>See</u> <u>Mann v. Smith</u>, 796 F.2d 79 (5th Cir. 1986)(finding that pretrial detainee did not have right to an elevated bed or hot water).

Plaintiff's claim that he had no warm clothes other than a jumpsuit, t-shirt, and underwear when the temperature indoors was 65 degrees does not demonstrate a risk so grave that if violates contemporary standards of decency. <u>See</u> <u>Helling v. McKinney</u>, 509 U.S. 25, 36 (1993)(holding that the inmate must show that the risk of which he complains is "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk").

Likewise, being placed on "food loaf" as part of his punishment for a disciplinary violation did not threaten a liberty interest protected by the Constitution and is not a civil rights violation. <u>See</u> <u>Banks v. Morris</u>, 115 Fed. Appx. 704, 705 (5th Cir. 2004); <u>Alex v. Stalder</u>, 225 Fed. Appx. 313 (5th Cir. 2007). Plaintiff does not allege that he was deprived the minimal measure of life's necessities.

Plaintiff also claims that the nurse denied him medical care. However, he states that the nurse did treat him for three "spider

bites" on his head.  Plaintiff claims that spiders were laying eggs in inmates' bodies.  He complains that the nurse allowed the DHO to place him in lockdown for an excessive sentence even though she knew that spiders had laid eggs in Plaintiff's body.  Plaintiff's fanciful claim does not allege unnecessary and wanton infliction of pain repugnant to the conscience of mankind, which is required to state a claim for the denial of medical care.  See McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

Plaintiff, a black male, claims that all of the other inmates on lockdown were white, and that all of those inmates had elevated beds.  According to his amended complaint, Plaintiff slept on a mattress on the floor. [Doc. #23, p.2]  He alleges that another inmate in cell 4 was Shawn Dunn, and that Dunn - a white inmate - was placed in cell 4 with him to prove that not only black people were housed in cell 4.  However Plaintiff claims that Dunn is not really white; that his father was black, so Dunn is - "by law" - black.  He claims that the warden was punishing him because Plaintiff married a white woman in the 1980s that the warden was "trying to get with." [Doc. #23, p.3]  Plaintiff has not presented non-conclusory or non-fanciful allegations supporting his conclusion that the defendants in this action treated him differently due to his race, and that the unequal treatment stemmed from discriminatory intent.  See Hampton Co. Nat. Surety, LLC v.

Tunica County, Miss., 543 F.3d 221, 228 (5th Cir. 2008). If anything, Plaintiff has presented his theory that, if he was treated differently, it was because he married a woman that the warden was interested in. That conclusion does not allege the violation of a constitutional right.

Plaintiff claims that his time in lockdown will cause him problems for the rest of his life with arthritis and inflammation in his joints. Again this is a conclusory allegation unsupported by facts.

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B) and 1915A.

### Objections

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes**

his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of January, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE